SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STANLEY DUDEK,

                        Plaintiff,

      Docket No. _____

   -against-

      **COMPLAINT**

NASSAU COUNTY SHERIFF'S
DEPARTMENT, MICHAEL J. SPOSATO
and ROBERT MASTROPIERI

                        Defendants.
-----------------------------------------------------------------X

**CV-12 1193**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ MAR 12 2012 ★

LONG ISLAND OFFICE

WEXLER, J.

LINDSAY, M

Plaintiff STANLEY DUDEK, by his attorneys, La Reddola, Lester & Associates, LLP, as and for his complaint against the Defendants respectfully sets forth:

**PRELIMINARY STATEMENT**

1. This is a civil rights action for monetary damages brought under 42 U.S.C § 1983 for violation of the rights of the Plaintiff STANLEY DUDEK ("DUDEK") under the 14th Amendment of the Constitution for the Due Process violation by failing to provide him with an adequate opportunity to recover certain rifles and shotguns that Defendant's confiscated along with other pendant state cause of action against Defendants NASSAU COUNTY SHERIFF'S DEPARTMENT ("NCSD"), Sheriff MICHAEL J. SPOSATO ("SPOSATO") and Deputy Sheriff ROBERT MASTROPIERI ("MASTROPIERI").

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this action under 28 U.S.C §§ 1331 and 1342 in that Defendants' conduct violated rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

3.  Plaintiff filled a notice of claim under New York General Municipal Law Sections 50-e and 50-1.

4.  Venue in this District is proper under 28 U.S.C. § 1391(b), since the Plaintiff's claims arose in the Eastern District of New York and, upon information and belief, all parties currently reside or maintain offices in Nassau County.

## PARTIES

5.  Plaintiff, DUDEK is a citizen of the State of New York and a resident of Nassau County who resides at 4 Willow Road, New Hyde Park, New York 11040.

6.  Under information and belief, Defendant NCSD is a public agency with offices at 100 Carman Avenue, East Meadow, New York 11554.

7.  Under information and belief, Defendant SPOSATO is the Sheriff of Defendant NCSD with his office located at 100 Carman Avenue, East Meadow, New York 11554.

8.  Under information and belief, Defendant MASTROPIERI is the Deputy Sheriff of Defendant NCSD with his office located at 240 Old Country Road, Mineola, New York 11501

## FACTUAL ALLEGATIONS

9. On or around November 17, 2008 Plaintiff DUDEK's wife, Claudia Dudek, petitioned for, and was granted a Temporary Order of Protection by the Hon. John G. Marks, of the Family Court of the County of Nassau.

10. Pursuant to this Temporary Order of Protection, the Nassau County Police Department suspended DUDEK's pistol license, and confiscated his handgun and longarms.

11. On or about January 6, 2009 an Order of Dismissal was signed by the Hon. Norman St. George of the Nassau County Family Court dismissing the Temporary Order of Protection previously granted against DUDEK. (See Exhibit 2-2)

12. Subsequently, Plaintiff DUDEK Petitioned the Court for a judgment pursuant to CPLR Article 78 to review the revocation of the pistol license by the Police Department of the County of Nassau, Pistol License Division. (See Exhibit 1)

13. On September 19, 2011, a Stipulation Agreement by and between Plaintiff DUDEK and Lawrence W. Mulvey as Commissioner of the Nassau County Police Department to reissue Plaintiff DUDEK's pistol license and return his handgun. This Agreement was So Ordered by Hon. Michele Woodward, J.S.C on September 19, 2011 (See Exhibit 2)

14. Under information and belief, The NCSD has refused to return DUDEK's two longarms, a 30-06 bolt action hunting rifle and a 12 gauge shotgun (DUDEK's "Longarms"), without a Court Order, despite being asked by DUDEK.

15. On or around January 20, 2012, a letter was written to Defendant SPOSATO, copying Defendant MASTROPIERI, formally requesting the return of the Mr. DUDEK's Longarms that were confiscated from him. ("January 20 Letter", See Exhibit 3)

16. This January 20, 2012 Letter enclosed a copy of the case *Razzano v. County of Nassau, et al.*, Civil Action No. CV-07-3983 (E.D.N.Y., February 28, 2011) which requires the NCSD to promptly return confiscated longarms to the rightful owner.

17. The January 20 Letter also stated the burden to return the property is placed squarely on the Sheriff and not the property owner.

18. Upon information and belief, the NCSD was now aware that its policy of requiring a resident to obtain a court order to have their property returned was unlawful and unconstitutional.

19. Defendant NCSD has not responded to the January 20 Letter.

20. Defendant SPOSATO has not responded to the January 20 Letter.

21. Defendant MASTROPIERI has not responded to the January 20 Letter.

22. Plaintiff DUDEK's Longarms have not been returned to him.

23. Plaintiff DUDEK is under no restriction that would prevent him from purchasing a new longarm.

24. The NCSD has no authority for the registration of longarms in New York State.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C § 1983 – Violation of Plaintiff's 14th Amendment Due Process Rights
### (As Against All Defendants)

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26. An individual is afforded Due Process protection under the 14th Amendment of the United States Constitution in regard to governmental confiscation of property.

27. DUDEK's Longarms are property to which he is afforded 14th Amendment Due Process Protection.

28. Under information and belief, Defendants NCSD, SPOSOTO and MASTROPIERI, acting under the color of New York State Law, have violated DUDEK's 14th Amendment Rights by enacting a policy which fails provide a procedure or mechanism under which one can reclaim confiscated longarms.

29. Under information and belief, the policy that is enacted, namely requiring a Court Order for the return of confiscated longarms, violates the 14th Amendment Rights by placing the burden on the Plaintiff for the return of his property.

30. By requiring Plaintiff to take affirmative steps, including, *inter alia*, the preparation of formal legal pleadings, the payment of a filing fee, the hiring of an attorney, and the subsection participation in all formal procedural devises of a trial court action, to challenge the unlawful retention of Plaintiffs property, the Defendants have acted unreasonably and unconstitutionally in violation of the Due Process Clause of the 14th Amendment.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C 1983 - Punative Damages
### (As Against Individual Defendants SPOSATO and MASTROPIERI)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants SPOSATO and MASTROPIERI are Individuals.

33. Under information and belief, Defendants SPOSATO and MASTROPIERI's refusal to return Plaintiff's Longarms without a court order and lack of response to the January 14 Letter is motivated by a deliberate intent to deprive Plaintiff DUDEK of his property.

34. Under information and belief, Defendants SPOSATO and MASTROPIERI conduct was intended to place the burden on DUDEK to incur the cost of procuring a Court Order for the return of his federally protected property.

35. Defendants SPOSATO and MASTROPIERI were provided a copy of the case *Razzano v. County of Nassau, et al.,* Civil Action No. CV-07-3983 (E.D.N.Y., February 28, 2011) which requires the NCSD to promptly return confiscated longarms to the rightful owner.

36. Under information and belief, Defendants SPOSATO and MASTROPIERI conducted themselves with reckless or callous indifference to the federally protected rights of DUDEK when they furnished no response to the January 20 Letter, demanding return of DUDEK federally protected property, and giving notice of their duty to return the property without burden to DUDEK.

37. Defendants SPOSATO and MASTROPIERI consciously ignored the January 20 Letter as they furnished no response.

38. Defendants SPOSATO and MASTROPIERI have not returned DUDEK's federally protected property to him after being provided with notice of their duty and DUDEK's constitutionally protected right.

### AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C § 1988(b) – Legal Fees
### (As Against All Defendants)

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. Due to Defendants continued retention of Plaintiff's Longarms without cause or legal authority and without a remedy for Plaintiff, Plaintiff has incurred legal fees in order to regain possession of his property.

41. By reason of the foregoing, Plaintiff seeks damages pursuant to 42 U.S.C 1988(b), or in an amount this Court deems proper and appropriate.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### Conversion
#### (As Against All Defendants)

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. The Defendants unjustifiably continue to retain possession of Plaintiff's long arms without cause or legal authority and without a remedy for Plaintiff.

44. The Plaintiff has made a demand for the return of his property that has not been responded to.

45. The fair and reasonable total value of Plaintiff's Longarms is $2,500.

46. By reason of the foregoing, Plaintiff has been damages in the sum of $2,500, the value of Plaintiff's Longarms.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Replevin
### (As Against All Defendants)

47.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 above as if fully set forth herein.

48.     Defendants took and retained Plaintiff's Longarms.

49.     The continued detention of Plaintiff's Longarms by the Defendants is wrongful.

50.     Plaintiff demands compensation for his firearms that were taken and retained by the Defendants.

51.     The Plaintiff has no adequate remedy at law.

52.     By reason of the foregoing, Plaintiff is entitled to an order and judgment of replevin directing Defendants to return Plaintiff's Longarms, as described above.

## PRAYERS FOR RELIEF

Plaintiff requests that he receive judgment as follows:

a.      First Cause of Action: in excess of $1,000,000.00 in damages;

b.      Second Cause of Action: punitive damages in excess of $1,000,000.00 or in an amount this Court deems proper and appropriate;

c.      Third Cause of Action: Attorneys fees and costs pursuant to 42 U.S.C. 1988(b), or in an amount this Court deems proper and appropriate;

d.      Fourth Cause of Action: in excess of $2,500.00 in damages, costs and attorneys fees;

e.      Fifth Cause of Action: the return of all Plaintiff's property currently in the possession of the Nassau County Sheriff's Department including all of Mr. DUDEK's Longarms.

f.  A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the federal and state constitution, as alleged herein;

g.  An Order requiring the Nassau County Sheriff's Department to (i) return all the long arms that it wrongfully possess' to their proper owners and (ii) institute a fair and adequate procedure for the handling of firearms in Nassau County that does not violate the due process requirements of the State and Federal Constitution; and

i.  An Order granting such other legal and equitable relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues.

Dated: Garden City, New York
March 7, 2012

La REDDOLA, LESTER & ASSOCIATES LLP

Robert J. La Reddola (RJL 6501)
*Attorneys for Plaintiff Stanley Dudek*
600 Old Country Road, Suite 224
Garden City, New York 11530
(516) 745-1951